OPINION
Juvenile-appellant Belinda Hein appeals from the judgment of the Crawford County Common Pleas Court, Juvenile Division adjudicating her a delinquent and imposing a previously suspended sentence of commitment to the Department of Youth Services. Appellant asserts two assignments of error with the court's judgment.
On April 23, 1998, appellant was charged in the Crawford County Juvenile Court with one juvenile count of Felonious Assault. That same date, the court held a hearing at which the appellant admitted her responsibility for the crime.[1] The trial court suspended commitment of the appellant to the Department of Youth Services, and instead committed appellant to the custody of the Crawford County Department of Probation for placement into a foster home. The appellant was continued on probation for an "indeterminate" period.
On June 3, 1998, a delinquency charge of theft was filed against the appellant in the Juvenile Division of the Defiance County Common Pleas Court. Apparently because appellant was on probation in Crawford County, the theft charge was transferred to Crawford County one day later. The case was set for a hearing on July 14, 1998. The court scheduled a "review of [the] disposition" of appellant's felonious assault case for the same date.
The record indicates that no defense counsel was present at the July 14, 1998 hearings, and the court failed to record the hearings as required by Juv.R.37. The judgment entries indicate that the two cases were consolidated, and that the juvenile was adjudicated delinquent for the theft offense. The court made the following findings and orders in regards to the felonious assault case:
It is therefore ORDERED, ADJUDGED AND DECREED:
 (1) That the commitment to the Ohio Department of Youth Services for a minimum of one year to a maximum of age twenty-one is imposed at this time for the committing offense of Felonious Assault in violation of O.R.C. Sec. 2903.11, a felony of the second degree if committed by an adult. The Court finds that all reasonable efforts have been made to work with the youth from her home and the community, however the youth's persistent misbehavior has effectively prevented the beneficial provision of those services and placement at this time is in the youth's best interest and necessary for her rehabilitation.
The juvenile, pro se, filed an appeal of the trial court's decision on July 14, 1998 and requested appointment of counsel.[2] The court granted that request. Although the juvenile also filed a request for a transcript, that request was denied because no recording was made of the proceedings. The juvenile's appointed counsel then filed a proposed statement of the evidence pursuant to App.R. 9(C). However, the court apparently disagreed with appellant's statement and filed what it believed to be a "proper" statement of the evidence:
 The Court finds that no recording or transcript is available of the proceeds [sic]. The appellant prepared a statement of the evidence or proceedings from her recollection and that of her father. The Court finds same unacceptable, as including self-serving subjective thoughts that the father never communicated to the Court on July 14, 1998.
The juvenile now appeals, asserting two assignments of error with the trial court's judgment:
 The trial court erred in failing to record the hearing wherein the child was advised of her rights, pursuant to Juvenile Rule 37. As such, it was error for the juvenile court to accept the waivers of rights and the admissions of the child and her parent, as the juvenile court could not find same to be knowing.
 The trial court erred in finding the child to have competently waived counsel and entered a knowing admission, where the child did not receive notice of potential incarceration, sufficient to meet the requirements of due process.
In In Re Holman (December 1, 1998), Crawford App. No. 3-98-19, unreported, 1998 WL 835195, at *2, this Court held:
 Absent a record of * * * waiver in this case, we do not have sufficient indication before us to demonstrate that the juvenile court complied with Juv.R. 29(B) and fully explained appellant's rights at that stage in the proceedings. Further, it has been held that a juvenile court's journal entry is not sufficient to affirmatively show a valid waiver. Under these circumstances, we cannot find that the record demonstrates that appellant waived her right to counsel knowingly, intelligently, and voluntarily. (Footnotes and citations omitted).
We perceive no significant distinction between In Re Holman and the case before us. Because the court failed to keep an accurate recording of the proceedings pursuant to Juv.R. 37, we lack a sufficient record to presume that the juvenile knowingly, intelligently and voluntarily waived her right to counsel. On the authority of In re Holman, appellant's first assignment of error is sustained. Appellant's second assignment of error is overruled pursuant to App.R. 12(A)(1)(c). These cases are reversed and remanded for further proceedings consistent with this opinion.
Judgments Reversed.
[1] Although the issue is not directly before us, it appears that the trial court did not record the proceedings in the first hearing as required by Juv.R.37.
[2] The appeal filed on July 14, 1998 only addressed the felonious assault case. On January 8, 1995, we granted leave for the juvenile's appellate counsel to file a delayed appeal of the theft case and consolidated the two cases for our review.